## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES MARTSOLF,** | : | **CIVIL ACTION NO. 1:05-CV-1941** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **LT. COL. JOHN BROWN, MAJOR** | : | |
| **SEILHAMER, CPT. ROBERT LIZIK,** | : | |
| **SUSAN BELL, LT. PETER VOGEL,** | : | |
| **LT. DON CARNAHAN, MICHAEL** | : | |
| **PATRICK, SGT. MAX MOHNEY,** | : | |
| **SGT. GARY SCHULER,** | : | |
| **CPT. STEPHEN KREMPASKY,** | : | |
| **TPR. JAMES SHELDONE, and** | : | |
| **ARTHUR WEILAND,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

Presently before the court is the motion to dismiss (Doc. 19) filed by defendants Lieutenant Colonel John Brown, Major Seilhamer, Captain Robert Lizik, Susan Bell, Lieutenant Peter Vogel, Lieutenant Don Carnahan, Michael Patrick, Sergeant Max Mohney, Sergeant Gary Schuler, Captain Stephen Krempasky, Trooper James Sheldone, and Arthur Weiland.  For the reasons that follow, the motion will be granted.

I.   **Statement of Facts**[1]

Plaintiff James Martsolf ("James") and his estranged wife, Connie Martsolf ("Connie"), both worked for the Pennsylvania State Police ("PSP"), but not at the same location. (Doc. 14 ¶¶ 1, 20.) Beginning in February 2004, Connie was allegedly harassed on a regular basis by each defendant. (Id. ¶ 11.) Connie complained internally about sexual harassment, primarily the offending conduct of her immediate supervisor. After she complained to the PSP Equal Employment Opportunity Office and the Pennsylvania Human Relations Commission, her allegations were investigated by the PSP Internal Affairs Division. (Id. ¶ 1.) Defendant Lizik purportedly warned Connie that any investigation would result in the entire station being investigated, including herself. According to the amended complaint, this "threat" became a reality when the PSP allegedly investigated Connie solely as a means to harass and intimidate her.[2] (Id. ¶ 22.) During the investigation, defendants Vogel and Schuler purportedly started rumors that Connie had sexual relations with other troopers. James contends that PSP did nothing to stop these rumors to his great detriment. (Id. ¶ 56.)

Connie attempted to transfer to the barracks where James worked, but defendant Vogel would not let her leave, and she was denied the transfer. (Id. ¶ 20.)

---

[1] In accordance with the standard of review for a motion for summary judgment, the court will present the facts in the light most favorable to plaintiff, the non-moving party. See infra Part II.

[2] James alleges that the investigation into Connie was also meant to intimidate him. (See, e.g., Doc. 14 ¶ 49.)

Defendants Seilhamer, Weiland, and Bell allegedly conspired to make life difficult for James because he was a "troublemaker."  Defendant Weiland purportedly announced that Connie would never be stationed at the barracks where James worked.  (<u>Id.</u> ¶ 46.)  Defendant Lizik advised James that the complaints kept him off the "major case team" and hindered his promotions.  (<u>Id.</u> ¶ 58.)  Connie is no longer employed by the PSP and she and James are in the process of obtaining a divorce. (<u>Id.</u> ¶ 1.)

On September 26, 2005, Connie and James initiated the instant action, alleging primarily First Amendment retaliation.  Subsequently, Connie filed a motion to withdraw all of her claims.[3]  (<u>See</u> Doc. 9.)  James filed an amended complaint, which is largely a copy of the original complaint[4] (<u>compare</u> Doc. 14, <u>with</u> Doc. 1), alleging First Amendment retaliation and violations of his Fourteenth

---

[3] James alleges that Connie has been emotionally and mentally destroyed by defendants' actions and cannot continue with this litigation.  (Doc. 14 ¶ 1.)

[4] The amended complaint (Doc. 14) contains many details of the retaliation suffered by Connie.  There is no need to set forth these details as James is the only remaining plaintiff in this case.

Amendment substantive due process rights pursuant to 42 U.S.C. § 1983.[5]
Defendants filed the instant motion (Doc. 19) to dismiss the amended complaint.
The motion has been fully briefed and is ripe for disposition.

## II.   **Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the
dismissal of complaints that fail to state a claim upon which relief can be granted.
FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6),
the court must "accept as true all factual allegations in the complaint and all
reasonable inferences that can be drawn therefrom, and view them in the light most
favorable to the plaintiff."  Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)
(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).  Although the court is
generally limited in its review to the facts in the complaint, it "may also consider
matters of public record, orders, exhibits attached to the complaint and items
appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran &
Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); see also In re Burlington Coat
Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

---

[5] Without identifying specific counts in the amended complaint, James also
makes vague references to procedural due process rights, Fourth Amendment
intrusions, conspiracy, defamation, and intentional infliction of emotional distress.
(See Doc. 14 at 16, 23.)  In opposing defendants' motion to dismiss the amended
complaint, however, James only references his First Amendment retaliation and
Fourteenth Amendment substantive due process claims.  Therefore, the court finds
that James has not raised any other claims in the instant matter.  To the extent that
James seeks to include these claims in a second amended complaint, see infra, he
shall set forth separate counts and the facts specific to each count with respect to
alleged violations of *his* rights.

Federal notice pleading rules require the complaint to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Sershen v. Cholish</u>, No. 3:07-CV-1011, 2007 WL 3146357, at *4 (M.D. Pa. Oct. 26, 2007) (quoting <u>Erickson v. Pardus</u>, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007)).  The plaintiff  must present facts that, if true, demonstrate a plausible right to relief.  <u>See</u> FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); <u>Bell Atl. Corp. v. Twombly</u>, ___ U.S. ___, 127 S. Ct. 1955, 1965 (2007) (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"); <u>Victaulic Co. v. Tieman</u>, 499 F.3d 227, 234 (3d Cir. 2007).  Thus, courts should not dismiss a complaint for failure to state a claim if it "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." <u>Montville Twp. v. Woodmont Builders LLC</u>, No. 05-4888, 2007 WL 2261567, at *2 (3d Cir. 2007) (quoting <u>Twombly</u>, ___ U.S. at ___, 127 S. Ct. at 1969).  Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient.  <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir.  2002); <u>Shane v.  Fauver</u>, 213 F.3d 113, 116-17 (3d Cir.  2000).

**III.**   **Discussion**

Section 1983 of Title 42 of the United States Code offers private citizens a means to redress violations of federal law committed by state officials.  <u>See</u> 42 U.S.C. § 1983.  The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Id. Section 1983 is not a source of substantive rights, but merely a method for vindicating violations of other federal laws. Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To establish a claim under this section, the plaintiff must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Id. (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

The amended complaint includes two § 1983 claims: First Amendment retaliation and Fourteenth Amendment substantive due process. The court will address these claims *seriatim*.

## A.     First Amendment Retaliation

To state a prima facie case of retaliation, a plaintiff must allege that: (1) he or she engaged in an activity protected by the First Amendment, (2) the defendants' actions were adverse to the plaintiff's interests, and (3) the protected activity was a "substantial motivating factor" behind the alleged adverse actions. Hill v. Borough of Kutztown, 455 F.3d 225, 241 (3d Cir. 2006); see also Baldassare v. New Jersey, 250 F.3d 188, 195 (3d Cir. 2001); Chambers v. Pennsylvania, Civ. A. No. 1:04-CV-0714, 2006 WL 3831377, at *7 (M.D. Pa. Dec. 28, 2006). A defendant can rebut a prima

facie case of retaliation by showing that "the same adverse action would have taken place in the absence of the protected conduct." <u>Chambers</u>, 2006 WL 3831377, at *7; <u>see also</u> <u>Baldassare</u>, 250 F.3d at 194. Whether the activity is protected is a question of law, while the remaining inquiries are questions of fact. <u>Hill</u>, 455 F.3d at 241.

In the matter *sub judice*, with the exception of the allegation that filing the original complaint was a protected activity,[6] the amended complaint is insufficient to put defendants on notice of any protected activity engaged in by *James*. The amended complaint contains clear allegations regarding *Connie's* protected activity: "Connie complained internally about sexual harassment" and "Connie . . . fil[ed] an EEOC complaint and a PHRC complaint against the defendant Vogel and others." (<u>Id.</u> ¶¶ 1, 23.) In stark contrast are the conclusory statements that attempt to establish James's involvement in Connie's protected activities, namely: "complaints filed by either of them with this Court and elsewhere," "complaint made by Connie and James," and "their complaint." (<u>See</u> Doc. 14 ¶¶ 1, 56.) Given the lack of specificity regarding any other type of complaint made by James, the court finds that the amended complaint sufficiently alleges only one protected activity by James—filing the instant action.

James cites <u>Ballas v. City of Reading</u>, 153 F. Supp. 2d 691 (E.D. Pa. 2001), for the proposition that he can use Connie's protected activity as the basis for his retaliation claim. Given the allegations of the amended complaint, the court

---

[6] Defendants do not argue that filing the original complaint is not protected activity.

disagrees.  Generally, "litigants may not assert the rights of others to obtain relief from injury for themselves."  Id. at 695 (citing Singleton v. Wulff, 428 U.S. 106, 113-14 (1976)).  An exception to this general rule exists "when (1) the third party's enjoyment of the right in question is 'inextricably bound up with the activity the litigant wishes to pursue,' and (2) the third party is unable to assert his or her own right."  Id. (citing Singleton, 428 U.S. at 113-14).

Unlike in Ballas where the court found that the third party was unable to assert his own claim, see 153 F. Supp. 2d at 695 & n.2, there is no indication in the instant action that Connie is unable to assert her own claim.  Indeed, Connie was a plaintiff in this action when the original complaint was filed (see Doc. 1), and she voluntarily withdrew all of her claims (see Doc. 9).  Moreover, the vast majority of the allegations in the original and amended complaints relate to the retaliatory actions against Connie.  (See Docs. 1, 14); see also Ballas, 153 F. Supp. 2d at 695 & n.2 (noting that the third party could not advance his own First Amendment rights for engaging in protected activity because he "failed to show retaliation" in that he did not "allege some actionable harm that he personally suffered").  Therefore, the amended complaint does not demonstrate that James can use Connie's protected activity as the basis for his retaliation claim.

With respect to the second element of a retaliation claim—adverse action—the court finds that the allegations of the amended complaint are

insufficient.  Only one paragraph in the amended complaint involves an alleged

adverse action against James:[7]

> On or about August 5, 2005, defendant Lizik advised the
> plaintiff, James Martsolf, that making these complaints had a
> significant negative[] impact on James's career by keeping him off the
> "major case team" and hindering his promotions.  James was injured
> financially by not being on the major case team or receiving "acting
> pay" when his supervisor was on vacation.

(Doc. 14 ¶ 58.)  This allegation merely indicates that Lizik *advised* James of the

impact on his career.  Notably, James does not allege that Lizik's actions actually

kept him off the major case team or hindered his promotions or that Lizik was

responsible for making, or acquiesced in, such decisions.  See Evancho v. Fisher,

423 F.3d 347, 353 (3d Cir. 2005) ("A[n individual] defendant in a civil rights action

must have personal involvement in the alleged wrongdoing . . . . Personal

involvement can be shown through allegations of personal direction or of actual

knowledge and acquiescence.").  Likewise, James does not allege the "personal

involvement" of any other defendant in any actions regarding his career.  See id.

Therefore, the court will grant the motion to dismiss the First Amendment

---

[7] In arguing that the amended complaint sufficiently alleges adverse action,
James "renews his argument under Ballas." (Doc. 23 at 28.)  This argument is
misplaced.  Ballas involves the protected activity element of a retaliation claim, not
the adverse action element.  In other words, James cannot use the adverse action
against Connie to form the basis for his own retaliation claim.

retaliation claim.[8]  However, the court will grant James leave to file a second amended complaint with respect to this claim.

### B.      Fourteenth Amendment Substantive Due Process

James contends that defendants violated his Fourteenth Amendment substantive due process rights by focusing their investigation and harassment on his wife as a way to get to him, which predictably resulted in the destruction of their marriage.  (See Doc. 23 at 29-30.)  Under the substantive component of the Due Process Clause of the Fourteenth Amendment, "there are two clearly identifiable zones of privacy which have been afforded protection:  (1) one's interest in avoiding the disclosure of personal matters; and (2) the right to autonomy and independence in personal decision-making."  Konopka v. Borough of Wyoming, 383 F. Supp. 2d 666, 677 (M.D. Pa. 2005) (citing Whalen v. Roe, 429 U.S. 589, 599-600 (1977).  James's assertion that his family unit (i.e., marital relationship) is a fundamental liberty interest (see Doc. 23 at 29) implicates the latter category.  See Konopka, 383 F. Supp. 2d at 677 ("Cases in the latter category describe the liberty interest in matters relating to marriage, procreation, contraception, family relationships, and child rearing and education." (citing Doe v. Delie, 257 F.3d 309, 317 n.5 (3d Cir. 2001)).

---

[8] Assuming *arguendo* that James sufficiently alleged the personal involvement of defendants, his claim would nevertheless fail for lack of causation—the third element of a retaliation claim.  The purported adverse action against him occurred almost two months *before* James filed the original complaint (i.e., this alleged action occurred *before* his protected activity).

In the matter *sub judice*, the court finds that the alleged retaliation and

harassment suffered by James and Connie do not rise to the level of a substantive

due process violation.  None of the allegations demonstrate, nor could they, that the

defendants' actions prevented James or his wife from making independent

decisions regarding their marriage.[9]  See Konopka, 383 F. Supp. 2d at 677 (setting

forth "the right to autonomy and independence in *personal decision-making*"

(emphasis added)).  Accordingly, these allegations do not support a Fourteenth

Amendment substantive due process claim[10] and the court will dismiss this claim.

---

[9] The amended complaint contains an allegation that "all of the defendants used and abused Connie Martsolf intentionally seeking to destroy the relationship between Connie and James and thus in turn destroying this litigation."  (Doc. 14 ¶ 46.)  This allegation of intent does not transform the alleged actions into ones that prevented the Martsolfs from making independent decisions regarding their marriage.

[10] James cites to three cases—Croft v. Westmoreland County Children & Youth Services, 103 F.3d 1123 (3d Cir. 1997), Lehman v. Lycoming County Children's Services Agency, 648 F.2d 135 (3d Cir. 1981), and Smith v. Organization of Foster Families for Equality & Reform, 431 U.S. 816 (1977)—for the proposition that he has a valid substantive due process claim with respect to his marital relationship.  These cases are easily distinguished from the instant matter.  First, these cases involve a parent-child relationship.  More importantly, these cases involve actions that directly affected the parent-child relationship (i.e., actions that affected the parents' "right to autonomy and independence in personal decision-making").  See Croft, 103 F.3d at 1124 (involving an investigator's ultimatum to a father:  "unless [the father] left his home and separated himself from his daughter until the investigation was complete, [the investigator] would take [his daughter] physically from the home that night and place her in foster care"); Lehman, 648 F.2d at 136-37 (involving the use of section 311(2) of the Pennsylvania Adoption Act of 1970 to terminate a mother's parental rights in her three sons); Smith, 431 U.S. at 819-20 (involving a lawsuit filed by foster parents to challenge the procedures governing removal of foster children from foster homes).  The instant matter clearly does not fall within the ambit of these cases.

While the effect of the alleged harassment and retaliation on their marriage may be palpable, defendants' purported misdeeds did not preclude independent decision-making.  To the extent that James believes that he can allege actions that *directly* affected his "right to autonomy and independence in personal decision-making" regarding his marriage, the court will permit James to seek leave to amend to add a substantive due process claim.  Any motion for leave to amend shall include the proposed amendments, as well as citations to applicable and controlling law demonstrating a substantive due process claim given these amendments.

## IV.   <u>Conclusion</u>

For the foregoing reasons, the motion to dismiss will be granted.  An appropriate order will issue.

      _/s/ Christopher C. Conner___
      CHRISTOPHER C. CONNER
      United States District Judge

Dated:      January 9, 2008

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES MARTSOLF,** | : | **CIVIL ACTION NO. 1:05-CV-1941** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **LT. COL. JOHN BROWN, MAJOR** | : | |
| **SEILHAMER, CPT. ROBERT LIZIK,** | : | |
| **SUSAN BELL, LT. PETER VOGEL,** | : | |
| **LT. DON CARNAHAN, MICHAEL** | : | |
| **PATRICK, SGT. MAX MOHNEY,** | : | |
| **SGT. GARY SCHULER,** | : | |
| **CPT. STEPHEN KREMPASKY,** | : | |
| **TPR. JAMES SHELDONE, and** | : | |
| **ARTHUR WEILAND,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 9th day of January, 2008, upon consideration of defendants'

motion to dismiss (Doc. 19), and for the reasons set forth in the accompanying

memorandum, it is hereby ORDERED that:

1. The motion to dismiss (Doc. 19) is GRANTED.

2. The amended complaint (Doc. 14) is DISMISSED.

3. Plaintiff is GRANTED leave to file a second amended complaint, on or
   before January 25, 2008, with respect to his First Amendment
   retaliation claim. See Grayson v. Mayview State Hosp., 293 F.3d 103,
   108 (3d Cir. 2002).

4. Plaintiff shall also be permitted to file, on or before January 25, 2008, a
   motion for leave to amend to add a substantive due process claim.
   However, any such motion shall include the proposed amendments, as
   well as citations to applicable and controlling law demonstrating a
   substantive due process claim given these amendments.

5.      In the absence of a timely filed second amended complaint or motion
        for leave to amend, the above-captioned case will be closed.


                                    /s/ Christopher C. Conner
                                  CHRISTOPHER C. CONNER
                                  United States District Judge