## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES MARTSOLF, | : | CIVIL ACTION NO. 1:05-CV-1941 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| LT. COL. JOHN BROWN, et al., | : | |
| | : | |
| Defendants | : | |

## ORDER

AND NOW, this 12th day of February, 2008, upon consideration of plaintiff's

motion for leave to amend (Doc. 33), filed on January 25, 2008, in which plaintiff

seeks to add a First Amendment retaliation claim and a Fourteenth Amendment

substantive due process claim, and it appearing that the memorandum and order of

court dated January 9, 2008[1] (Doc. 32) granted plaintiff leave to file a second

amended complaint with respect to his First Amendment retaliation claim, but

required plaintiff to file a motion for leave to amend with respect to his Fourteenth

Amendment substantive due process claim, and it further appearing that plaintiff

has not filed a brief in support of the instant motion as of the date of this order,[2]

---

[1] This memorandum and order dismissed the amended complaint (Doc. 14).

[2] It is unclear on what theory plaintiff is attempting to proceed on his
substantive due process claim. The second amended complaint contains the
following allegations with respect to this claim:

> The defendants succeeded in destroying the marriage and the
> person bonds between James and Connie Martsolf . . . . The
> defendants by and through their unlawful behavior violated James
> Martsolf['s] substantive due process rights to the sanctity of his family
> relationship.

see L.R. 7.5 ("Within ten (10) days after the filing of any motion . . . the party filing

the same shall file a brief in support of the motion  . . . . [or] such motion shall be

deemed to be withdrawn."), it is hereby ORDERED that:

\* \* \*

The actions of the defendants in retaliating against the Plaintiff and in
causing him to suffer adverse employment actions is an abuse of
official power that shocks the conscience of an ordinary person.

(Doc. 33, Ex. A ¶¶ 1, 48.)

With respect to the first allegation, the court previously found that the
alleged retaliation and harassment suffered by plaintiff did not rise to the level of a
substantive due process claim because the allegations did not demonstrate that
defendants' actions prevented plaintiff or his wife from making independent
decisions regarding their marriage.  (See Doc. 32 at 11.)  The court notes that the
allegations in the second amended complaint (Doc. 33) also do not demonstrate
actions that directly affected plaintiff's "right to autonomy and independence in
personal decision-making."  Konopka v. Borough of Wyoming, 383 F. Supp. 2d 666,
677 (M.D. Pa. 2005).

With respect to the second allegation, the court notes that the cases cited by
plaintiff in the instant motion—Midnight Sessions, Ltd. v. City of Philadelphia, 945
F.2d 667 (3d Cir. 1991) and Fagan v. City of Vineland, 22 F.3d 1296 (3d Cir.
1994)—do not demonstrate that plaintiff has a fundamental interest protected by
the substantive due process clause.  See, e.g., Dennison v. Pa. Dep't of Corr., 268 F.
Supp. 2d 387, 400 (M.D. Pa. 2003) ("[Plaintiff's claim] is a claim stating a property
interest in a job.  It is not, therefore, a fundamental property interest protected by
the substantive component of the Fourteenth Amendment." (citation omitted)); id.
at 400-01 ("[Plaintiff] also cannot prevail on his free speech/substantive due process
claim. [The] free speech claim falls under the First Amendment.  The Supreme
Court has made clear that '[w]here a particular Amendment "provides an explicit
textual source of constitutional protection" against a particular sort of government
behavior, "that Amendment, not the more generalized notion of 'substantive due
process," must be the guide for analyzing these claims.'" (citation omitted)).  The
court makes this observation not to rule on the validity of plaintiff's substantive due
process claim, but to demonstrate the insufficiency of his filing without a brief in
support.

1.    The motion for leave to amend (Doc. 33) is deemed WITHDRAWN.

2.    The Clerk of Court is directed to remove the proposed document (Doc. 33, Ex. A) from the docket and file it as a second amended complaint as of the date of this order.

3.    Plaintiff's Fourteenth Amendment substantive due process claim is STRICKEN from the second amended complaint.

4.    Defendants shall respond to the second amended complaint in accordance with federal and local rules.


                              S/ Christopher C. Conner
                              CHRISTOPHER C. CONNER
                              United States District Judge