**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES MARTSOLF,** | : | **CIVIL ACTION NO. 1:05-CV-1941** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **MAJ. TERRY SEILHAMER,** | : | |
| **CPT. ROBERT LIZIK, and SGT. GARY** | : | |
| **SCHULER,** | : | |
| | : | |
| **Defendants** | : | |

<u>**MEMORANDUM**</u>

Plaintiff, James Martsolf ("Martsolf") brings this suit under 42 U.S.C. § 1983 alleging illegal retaliation prompted by his exercise of his First Amendment rights. Presently before the court are two motions: defendants' motion in limine (Doc. 75), in which defendants ask the court to bar certain evidence for lack of relevance, and plaintiff's motion in limine *nunc pro tunc* (Doc. 81), in which plaintiff seeks leave to present certain evidence at trial. For the reasons that follow, defendants' motion (Doc. 75) will be granted in part and denied in part, and plaintiff's motion (Doc. 81) will be denied.

I.    <u>**Background**</u>

Plaintiff's suit stems from alleged sexual harassment and hostile work environment to which employees of the Pennsylvania State Police ("PSP") purportedly subjected plaintiff's then-wife (Connie Lantz, "Lantz," formerly known as Connie Martsolf). Plaintiff, Lantz, and her alleged harassers were all PSP employees at the time. Lantz internally reported these allegations, and plaintiff

supported her actions and filed his own grievance. Later, they filed the instant case, claiming that twelve PSP employees engaged in acts of unlawful retaliation against Lantz and plaintiff for exercising their First Amendment rights. Lantz's claims were subsequently dropped from the instant case; thus, only plaintiff's claims remain. Following plaintiff's submission of a second amended complaint (Doc. 14), defendants moved for summary judgment. This court granted partial summary judgment to defendants, dismissing nine defendants, leaving only Seilhamer, Lizik, and Schuler. (Doc. 68). The court also dismissed several alleged acts of retaliation as meritless. Defendants' pending motion in limine (Doc. 75) seeks to enjoin plaintiff from introducing evidence at trial concerning the claims and allegations which the court has dismissed. Plaintiff's motion (Doc. 81) seeks leave to introduce evidence relating to one of the alleged acts of retaliation previously dismissed by the court.

## II. <u>Discussion</u>

Defendants claim that all of the evidence which is the subject of their pending motion in limine (Doc. 75) is irrelevant. Plaintiff claims that the evidence which is the subject of his motion (Doc. 81) is relevant, and not confusing, misleading or prejudicial.

Evidence is relevant if it renders a material fact either more or less probable than it would have been absent the evidence. FED. R. EVID. 401. Furthermore, evidence is excluded if the probative value is substantially outweighed by the potential for unfair prejudice, confusion of issues, misleads the jury, or by

2

considerations of undue delay, waste or time, or needless presentation or

cumulative evidence.  See Fed. R. Evid. 403; Sprint/United Management Co. v.

Mendelsohn, 552 U.S. 379, 382 (2008); see Coleman v. Home Depot Inc., 306 F.3d

1333, 1343-44 (2002).  Hence, evidence which renders a material fact of plaintiff's

First Amendment retaliation claim[1] either more or less probable and is not

substantially outweighed by potential unfair prejudice, or by the risk of confusing

or misleading the jury, should not be excluded.

Defendants ask the court to exclude: (1) evidence of plaintiff's removal from

the Special Emergency Response Team ("SERT"); (2) evidence of any alleged acts

of retaliation done by any PSP employee not presently a party to the litigation, (3)

evidence of any alleged acts of retaliation, mistreatment, or general harassment by

defendants other than those concerning plaintiff's failure to be promoted, his

removal from supervisory duties, and his removal from the operations sergeant

position; (4) evidence of the underlying allegations by his ex-wife concerning sexual

harassment and the existence of a sexually hostile environment, and evidence

concerning whether her allegations were, in fact, true; (5) any testimony about the

manner in which IAD conducted their subsequent investigation; (6) testimony or

other evidence that the alleged retaliation caused his marriage to fail; and (7) any

---

[1] In order to succeed under a First Amendment retaliation claim plaintiff must establish that "(1) [plaintiff] engaged in a protected activity, (2) the defendants' retaliatory action was sufficient to deter a person of ordinary firmness from exercising his or her rights, and (3) that there was a causal connection between the protected activity and the retaliatory action." Lauren v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007).

evidence of plaintiff's specific economic loss attributable to the fact that he was not promoted. Plaintiff requests that he be permitted to introduce evidence relating to his removal from the SERT Team, which he contends was a retaliatory act.

## A. Plaintiff's Removal from the SERT Team

Defendants move to bar evidence concerning plaintiff's removal from the Special Emergency Response Team ("SERT"), and plaintiff seeks leave to introduce such evidence. In ruling on defendants' motion for summary judgment, the court dismissed plaintiff's allegation that his removal from SERT was a retaliatory action.[2] (Doc. 68 at 11-12). In light of the court's ruling, evidence relating to plaintiff's removal from SERT is not relevant to plaintiff's First Amendment claim.

---

[2] The court observed a dearth of evidence supporting plaintiff's claim that his removal from SERT was retaliatory, and therefore, it found that the claim presented no genuine issue for trial. (Doc. 68 at 11-12). Specifically, plaintiff's testimony indicated that he was removed from SERT several months *before* the first EEOC/PHRC complaints were filed, and plaintiff failed to present any evidence indicating a different order of events. The court found that, in the absence of any evidence that a protected activity occurred prior to plaintiff's removal from SERT, no reasonable jury could possibly conclude that he was removed from SERT in retaliation for engaging in protected conduct.

Plaintiff now contends that the court resolved "a factual issue suggested by differing versions of the events." (Doc. 79 at 2; see also Doc. 82 at 2). The record does not support this argument. The court did not reach its conclusion by crediting plaintiff's testimony over some other version of the events; rather, the court's conclusion is directly attributable to *plaintiff's failure to come forth with evidence suggesting a different version of the events*. (See Doc. 68 at 11-12). A motion for summary judgment places the burden on the non-moving party to come forth with "affirmative evidence" in support of its right to relief. Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004); FED. R. CIV. P. 56(e); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). With respect to his claim that he was removed from SERT as an act of retaliation, plaintiff simply failed to produce such evidence.

Plaintiff argues that the court was in error in its summary judgment ruling; however, he has not properly challenged the court's ruling.[3]  For the reasons stated above, defendants' motion as it relates to evidence of plaintiff's removal from SERT shall be granted, and plaintiff's motion shall be denied.  Evidence on this subject shall be excluded at trial.

### B.    Evidence of Improper Actions by PSP Employees

Additionally, defendants seek to exclude evidence of acts committed by PSP employees who are no longer parties to this suit.  Furthermore, defendants ask this court to restrict testimony to those alleged acts of retaliation which explicitly remain after the court's order on defendants' motion for summary judgment.[4]  Plaintiff argues that defendants' motion on this issue adopted an overbroad, "shotgun" approach.  Under a theory of *respondeat superior,* evidence of retaliatory acts by subordinate PSP employees may be relevant to establishing liability for an

---

[3] Plaintiff did not file a timely motion for reconsideration on this issue. Rather, plaintiff filed a motion (Doc. 81), stylized as a motion in limine *nunc pro tunc,* requesting that he be permitted to present evidence at trial that he was removed from SERT in retaliation for exercising his First Amendment rights.  Only belatedly does plaintiff present extra-record evidence suggesting that he was, in fact, removed from SERT *after* protected conduct occurred.  (See Doc. 81; Doc. 81, Ex. 1).  The documentation attached to plaintiff's pending motion was not included in its opposition to defendants' motion for summary judgment, and the court will not afford plaintiff a second and untimely opportunity to oppose summary judgment.

[4] Defendant asks this court to limit plaintiff's evidence to the relevant facts about plaintiff's denial of promotion, the taking of his supervisory responsibility, and his removal from the operating sergeant's position and whether any of these actions were impermissibly based on a retaliating against plaintiff for exercising his First Amendment rights.

illegal retaliation by the supervisors.  See Evancho v. Fisher, 423 F.3d 347, 353 (3d

Cir. 2005) (holding that an individual governmental defendant is not liable under

traditional *respondeat superior*, but requires personal involvement, which includes

actual knowledge and acquiescence, in the alleged wrongdoing).  The court

therefore agrees that defendants request may be overbroad, if plaintiff can offer

proof that Seihamer, Lizik, and Shuler retaliated against him through the use of

their supervisory positions, and that they had knowledge of and acquiesced to the

hostile actions of subordinate PSP employees.  Plaintiff shall be permitted to

introduce evidence which is relevant and material to his First Amendment claims

against defendants Seilhamer, Lizik, and Schuler.   He shall not, however be

permitted to introduce evidence which merely recites unrelated workplace hostility

and unpleasantness, if such evidence is not relevant to his claims against

defendants.[5]  Defendants' motion on this issue is denied without prejudice to

defendants' right to renew their objections to evidence which they believe to be

irrelevant or otherwise improperly offered at trial.

### C.    Evidence of the Underlying Sexual Harassment Claim

Defendants next ask the court to exclude all evidence concerning the acts of

the underlying alleged sexual harassment and gender discrimination.  Plaintiff

acknowledges that this case is to be tried without litigating a sexual harassment or

---

[5] If plaintiff has any doubt as to the relevance of evidence concerning other improper actions by PSP employees other than the remaining defendants, or of evidence concerning other alleged acts of retaliation, he is advised to bring the matter to the court's attention and make an offer of proof at sidebar.

gender discrimination suit. Additionally, plaintiff asserts that he has no intention of trying a sexual harassment or gender discrimination claim. To succeed on the merits of his First Amendment retaliation claim, however, plaintiff must establish that he engaged in a protected activity. <u>DeFlaminis</u>, 480 F.3d at 267. Plaintiff's claimed protected activities include participating in the filing of a grievance with the EEOC/PHRC and filing the instant action. <u>See</u> <u>Foraker v. Chaffinich</u>, 501 F.3d 231, 236 (3d Cir. 2007). Therefore, the underlying facts and circumstances of the alleged harassment of plaintiff's ex-wife are relevant to plaintiff's allegations. Evidence that plaintiff and Lantz filed grievances and brought the instant lawsuit, and the circumstances leading to their complaints, will not be excluded as irrelevant or unfairly prejudicial. Defendants' motion on this issue is denied without prejudice to defendants' right to object to evidence that defendants believe is improperly offered.

Defendants also argue that evidence of any alleged improper means of investigation used by the Internal Affairs Division (IAD) concerning the underlaying sexual harassment claim should be excluded. The court has dismissed plaintiff's allegations that harassment and intimidation occurred through the IAD investigation, and evidence about such allegations would not be relevant to the present suit. Plaintiff shall not be permitted to introduce evidence of alleged intimidation or harassment by members of IAD. Any alleged impropriety by IAD is not relevant to the instant matter and shall not be admitted. Therefore, defendants' motion is granted with respect to evidence of impropriety in the IAD investigation.

The court finds that any probative value of evidence concerning the IAD investigation is substantially outweighed by the dangers of prejudice and juror confusion.

**D.**    **Evidence of Damages**

Defendants seek to exclude testimony that defendants' actions caused plaintiff's marriage to fail. Furthermore, defendants seek to exclude evidence relating to plaintiff's alleged economic loss. Evidence which tends to establish the likelihood of the alleged damages is relevant, as damages constitute an issue of consequence. See FED. R. EVID. 401; see Winters v. Marina Dist. Development Co., 317 F. App'x 286, 289 (3d Cir. 2009) (applying FED. R. EVID. 401 to evidence of damages). Plaintiff's argument regarding the effects of the alleged retaliation, both on his marriage and employment, may be relevant to establishing damages. Plaintiff may introduce relevant evidence which aids in establishing damages. Therefore, defendants' motion on the issue of damages is denied without prejudice to defendants' right to object to evidence that defendants believe is improperly offered at trial.

## III.    Conclusion

Plaintiff's motion in limine *nunc pro tunc* will be denied.  Defendants' motion in limine will be granted with respect to evidence of plaintiff's removal from the SERT team, and evidence of improper conduct in the IAD investigation. Defendants motion will be denied with respect to (1) evidence of improper actions by PSP employees insofar as they relate to establishing defendants' liability for retaliation, (2) evidence of the underlying sexual harassment claim, and (3) evidence of damages, without prejudice to defendants' right to object at trial to evidence that defendants believe is irrelevant or otherwise improperly offered in light of the court's rulings herein.

An appropriate order follows.

_S/ Christopher C. Conner_____
CHRISTOPHER C. CONNER
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES MARTSOLF,** | : | **CIVIL ACTION NO. 1:05-CV-1941** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **MAJ. TERRY SEILHAMER,** | : | |
| **CPT. ROBERT LIZIK, and SGT. GARY** | : | |
| **SCHULER,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 17th day of March, 2010, upon consideration of defendants'

motion in limine (Doc. 75), and upon further consideration of plaintiff's motion in

limine *nunc pro tunc* (Doc. 81), and for the reasons set forth in the accompanying

memorandum, it is hereby ORDERED that:

1.    Plaintiff's motion (Doc. 81) is DENIED.

2.    Defendants' motion (Doc. 71) is GRANTED in part and DENIED
      in part as follows:

      a.    The motion is GRANTED with respect to evidence
            regarding plaintiff's dismissal from SERT and evidence of
            impropriety in the IAD investigation.

      b.    The motion is DENIED in all other respects, without
            prejudice to defendants' right to object to evidence that
            defendants believe is improperly offered at trial.

          S/ Christopher C. Conner
        CHRISTOPHER C. CONNER
        United States District Judge