**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES MARTSOLF,** | : | **CIVIL ACTION NO. 1:05-CV-1941** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **MAJ. TERRY SEILHAMER,** | : | |
| **CPT. ROBERT LIZIK,** and | : | |
| **SGT. GARY SCHULER,** | : | |
| | : | |
| **Defendants** | : | |

# ORDER

AND NOW, this 9th day of April, 2010, upon consideration of plaintiff's

motion (Doc. 92), wherein plaintiff seeks reconsideration of the memorandum and

order of court (Doc. 90) dated March 17, 2010 (hereinafter "the March 17 order")

ruling on the parties' motions in limine, and plaintiff requests, in the alternative,

certification for an interlocutory appeal, and it appearing that plaintiff seeks

reconsideration of the court's order on the grounds that (1) the court engaged in a

"gross abuse of discretion" in denying plaintiff's motion in limine,[1] and (2) the court

---

[1] Plaintiff's motion in limine requested that the court permit plaintiff to submit evidence that he was removed from the Special Emergency Response Team ("SERT") in retaliation for conduct protected by the First Amendment. (See Doc. 81). The court, in ruling on defendants' motions for summary judgment, previously determined that plaintiff had failed to present sufficient evidence that his removal from SERT was retaliatory. (See Doc. 68). Hence, the court denied plaintiff's motion in limine, noting that plaintiff was not entitled to "a second and untimely opportunity to oppose summary judgment." (Doc. 90 at 5).
    Plaintiff claims that he is now prejudiced by the fact that his attorney did not file a timely motion for reconsideration of the court's summary judgment ruling. (Doc. 93 at 2). Plaintiff maintains that the court erroneously resolved an issue of fact when it disposed of defendants' motions for summary judgment. For the reasons discussed infra, note 4, these arguments do not compel the court to grant reconsideration of the March 17 order.

failed to define or articulate precisely which items of evidence are to be excluded,[2] with respect to the portions of defendants' motion in limine that the court granted, and that plaintiff seeks certification for appeal,[3] and the court finding that the purpose of a motion for reconsideration is to present newly discovered evidence or to correct manifest errors of law or fact, <u>see</u> <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 906, 909 (3d Cir. 1985), that the court possesses inherent power to reconsider its interlocutory orders "when it is consonant with justice to do so," <u>United States v.</u>

---

[2] Plaintiff contends that, because the court's ruling does not clarify precisely which items of evidence will be admissible or inadmissible at trial, the trial will be disrupted by objections and sidebars to address unresolved issues of admissibility, and that this will prejudice plaintiff. Plaintiff requests that the court address these matters in advance of trial. As the court explained during the final pretrial conference on March 17, 2010, the court simply cannot resolve the numerous objections presented in the instant case until it has considered the relevance of the proposed evidence in the context in which it is offered. The court has provided the parties with some guideposts, explaining certain circumstances under which proposed evidence may or may not be admissible. Without the benefit of context, however, the court is unable to determine precisely which evidence will be admissible and which will be inadmissible. Therefore, plaintiff's contention does not persuade the court that there is error in the March 17 order.

[3] Plaintiff seeks a certification of the court's order on the pending motion and/or the March 17 order (Doc. 90), which disposed of the parties' motions in limine, for an immediate interlocutory appeal. A court may certify a non-final order for interlocutory appeal under 28 U.S.C. § 1292(b) if (1) the order "involves a controlling question of law," (2) "a substantial ground for difference of opinion" exists with regard to the issue involved, and (3) an immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); <u>Simon v. United States</u>, 341 F.3d 193, 199 (3d Cir. 2003). The certification decision rests with the discretion of the district court, and the court may decline to certify an order even if the parties have satisfied all elements enumerated in the statute. <u>Knipe v. SmithKline Beecham</u>, 583 F. Supp. 2d 553, 599 (E.D. Pa. 2008); <u>L.R. v. Manheim Twp. Sch. Dist</u>, 540 F. Supp. 2d 603, 608 (E.D. Pa. 2008). The court is not persuaded that the instant case presents the type of exceptional circumstances under which issues should be certified for interlocutory appeal, and therefore, it will deny plaintiff's request for certification.

Jerry, 487 F.2d 600, 605 (3d Cir. 1973); Alea N. Am. Ins. Co. v. Salem Masonry Co.

301 F. App'x 119, 121 (3d Cir. 2008), and that a party may not invoke a motion for

reconsideration as a means to relitigate matters of disagreement with the court or

to raise stale arguments anew, see Abu-Jamal v. Horn, No. Civ. A. 99-5089, 2001 WL

1609761, at *9 (E.D. Pa. Dec. 18, 2001); see also Bhatnagar v. Surrendra Overseas

Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995) (rejecting a litigant's "classic attempt at a

'second bite at the apple'"), and the court concluding that plaintiff has not

demonstrated that the March 17 order contains an error of law or fact,[4] and that

---

[4] Plaintiff attempts to demonstrate that the court erred in resolving the SERT issue in defendants' favor at summary judgment. Specifically, plaintiff attached an exhibit to his motion in limine, (see Doc. 81, Ex. 1), indicating that certain testimony from plaintiff's deposition, which the court cited in its summary judgment opinion, reflected an inaccurate sequence of events. Even if the court assumes, *arguendo*, that plaintiff gave incorrect testimony, and that plaintiff's belatedly-submitted exhibit shows the true sequence of events, it does not follow that the court's ruling was erroneous. To the contrary, the court made a correct ruling based on the record presented. Summary judgment was warranted because there was no competent evidence suggesting a different version of the events in plaintiff's opposition to defendants' motions for summary judgment. (See Doc. 68 at 11-12, Doc. 90 at 4-5). Plaintiff had the opportunity to present evidence concerning his removal from SERT in his opposition to defendants' summary judgment motions, but he failed to present the exhibit which he now asks the court to consider. The purported error, which plaintiff belatedly attempts to prove with *extra*-record documentation, and which does not involve newly discovered evidence, see infra note 5, does not persuade the court to grant reconsideration of its order. Furthermore, the court notes that, when a party wishes to request that the court reconsider an alleged error in its summary judgment ruling, filing a motion in limine is not the proper procedure for doing so. Thus, plaintiff's argument on this issue falls considerably short of its objective to show that the court should reconsider its ruling on the parties' motions in limine.

Plaintiff also attempts to establish that a certain discussion which occurred during the pretrial conference demonstrates error. (See Doc. 93 at 3). The topic of the discussion at issue was the admissibility of two of plaintiff's proposed trial exhibits—specifically, grievances concerning his SERT removal. The court cannot agree that this discussion constitutes error. Notably, the court did not make a ruling on the admissibility of the grievances at any point during the discussion at

plaintiff does not present newly discovered evidence,[5] and that plaintiff's motion for reconsideration primarily seeks to relitigate a "point of disagreement between the Court and the litigant," <u>Abu-Jamal</u>, 2001 WL 1609761, at *9; <u>see also</u> <u>Ogden v. Keystone Residence</u>, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002), it is hereby ORDERED that the motion (Doc. 92) is DENIED.

                                    <u>S/ Christopher C. Conner</u>
                                  CHRISTOPHER C. CONNER
                                  United States District Judge

---

issue.  Rather, the undersigned stated that a ruling would be made when the court could consider the evidence in context at the time of trial.  (<u>See</u> Doc. 94 at 12-13).

[5] Although the exhibit attached to plaintiff's motion in limine, (<u>see</u> Doc. 81, Ex. 1), referenced <u>supra</u> note 4, was not included in the summary judgment record, there is no indication that it is newly discovered evidence.